## Case No. 11,297.

### In re PORTSMOUTH SAV. FUND SOC.

[2 Hughes, 238.] [1]

District Court, E. D. Virginia.   May, 1874.

BANKRUPTCY—ELECTION OF ASSIGNEE—APPOINTMENT BY COURT.

Where a majority of resident creditors who had been represented in a first creditors' meeting, and who had proved their claims by attorney, had voted for one person as assignee, and a majority of creditors who had proved in person had voted for another person as assignee in bankruptcy, *held*, that there was no election, and that the court was at liberty to appoint an assignee;—which was accordingly done, of a person equally acceptable to both parties and not concerned in the strife.

This cause was argued at length by Gayle and Holladay against the confirmation of the election of the Bains as assignees, and by W. H. C. Ellis for the election. J. G. Bain had been appointed attorney in fact by a majority in number, representing a majority in amount of the creditors. These creditors, except in one or two instances, had not proved their claims by taking the oath in person, as required by the 22d section of the bankrupt law [of 1867 (14 Stat. 527)], but the oaths had been taken by Bain as their attorney. The question was, whether the proof of the claims of creditors who resided in the district could be made by attorney.

HUGHES, District Judge. An agent cannot, by his own oath, prove a debt for a creditor who is resident in the United States, unless he shows that the creditor is prevented "by some good cause" from making the oath himself, in which case the agent must show his own "means of knowing" the facts to which he makes oath. The oath which the 22d section requires of a creditor, in proving his claim, is such that it cannot be taken by proxy, and the 22d section of the bankrupt act dispenses with personal oath only where the creditor is "absent from the United States," or is prevented by "some good cause" from taking it in person. It must be shown affirmatively that the creditor was prevented by "some good cause" from proving his claim in person, before proof by an agent can be admitted. In this case there is not only no proof that the creditors represented by J. G. Bain were (except in one case) non-resident in the United States, or were prevented from making oath themselves; but it is evident, from all the papers, that they were resident in the district and could have made proof of their claims in person. Not having proved their

claims according to law, the votes cast for these creditors by attorney were, therefore, illegal, and the election effected by these votes was void. The court, therefore, disapproved the election of R. T. Bain and George M. Bain, Jr., and set the same aside. But the court held that it did not follow, because the Bains were not duly elected, that Gale and Murdaugh, who received the votes of the minority of creditors who had duly proved their claims, had been elected. Exercising the unrestricted power given to the judge by the fourth clause of section seven of the bankrupt law, of approval or disapproval, the court adjudged that there had been no choice of assignees. The judge intimated a purpose of appointing Mr. L. Harmanson as assignee, but withheld the appointment for a day or two in the expectation that all parties would acquiesce in this selection. This was done, and Mr. Harmanson appointed.

[NOTE. For an application on the part of the counsel of the bankrupt to be allowed compensation for services, see Case No. 11,298.]